## T. E. Gage, Appellee, v. City of Vienna, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Johnson county; the Hon. AL-BERT W. LEWIS, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

### Statement of the Case.

Action by T. E. Gage, plaintiff, against the City of Vienna, defendant, to recover for damages for personal injuries sustained as the result of being thrown from a buggy while traveling on the streets due to his team running away and running into a wagon standing on the street. From a judgment for plaintiff for $1,500, defendant appeals.

For a full statement of facts, see the opinion in the case on a former appeal, 196 Ill. App. 585.

The first instruction given for plaintiff was as follows: "The court instructs the jury that the defendant, City of Vienna, is bound by law to use reasonable care, caution and supervision to keep its streets and street crossings in a reasonably safe condition to travel in the ordinary modes of travel, and if it fails to so use reasonable care and caution to keep its streets and street crossings in a reasonably safe condition, it is liable for the injuries sustained in consequence of such failure, provided the party injured is himself exercising reasonable care and caution for his own safety before the accident occurred." Objection is made to this instruction that it, in effect, directed a verdict and omitted the element of notice.

The defendant, however, asked an instruction which was refused and contained the following language: "In this case, even though you might believe that the

plaintiff sustained his injuries complained of by reason of a wagon standing in a public street, still if you shall further find from the evidence that the said wagon was placed in said street by William Mathis, or by some other person in no way connected with the said city, and that said city had neither actual or constructive notice of such obstruction, as explained in other of these instructions, then in such case the defendant would not be liable in damages for such injuries and you should find the issues for defendant as to any damages so caused."

W. Y. SMITH and SPANN & SPANN, for appellant.

O. R. MORGAN and C. S. MILLER, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 195*—*when refusal to direct verdict in action for personal injuries is proper.* In an action against a city for damages for personal injuries, due to plaintiff's team running into an obstruction on the street, *held* that the court did not err in refusing to direct a verdict for defendant where there was evidence tending to show defendant was guilty of negligence and of permitting obstructions from time to time in the street at or near the place where plaintiff was injured.

2. MUNICIPAL CORPORATIONS, § 1100*—*what instruction directing verdict in action for injuries due to defective street must contain.* Notice of the condition of the street on the part of a city where an injury occurred and of the fact that it was obstructed or out of repair is one of the essential things to be proven in an action for damages because of such injury, and in directing a verdict the instruction must contain the element of notice, actual or constructive.

3. MUNICIPAL CORPORATIONS, § 1100*—*when instruction in action for personal injuries due to team running into obstruction on street is improperly refused.* In an action against a city for damages for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

personal injuries by reason of plaintiff's team running into an obstruction on a street, *held* that it was reversible error to refuse an instruction explaining what is actual and what is constructive notice to a city as to the condition of its streets, and advising the jury that if a wagon was left on a street by a third party and the city had no notice, actual or constructive, of it or was not in any manner permitting such obstruction, then there would be no liability.

## George E. Nichols, Appellant, v. Rogers-Nichols Live Stock Commission Company, Appellee.

1. Judgment, § 135*—*when motion to set aside default is not fatally defective.* Where there was enough in the beginning and signing of a motion to set aside a default to identify it as having been made on behalf of the defendant, the mere fact of an incorrect description given the defendant in the body of the motion ought not to deprive him of a right of hearing thereunder, or, where such motion was filed during the term at which judgment on such default was rendered, to deprive the court of jurisdiction to continue such motion to a subsequent term and then permit such amendments as were necessary to enable the parties to properly and fully submit their claims.

2. Judgment, § 142*—*when failure to file record of former suit or copy with affidavit filed in support of motion to set aside default is immaterial.* Where an affidavit filed in support of a motion to set aside a default of defendant upon which judgment was rendered set up a former suit between the same parties and that it had been dismissed for want of equity, *held* that a failure to file with such affidavit the record of the former suit or a copy thereof was not important in disposing of such motion.

3. Appeal and Error, § 1380*—*when action of court on motion to set aside default will not be disturbed.* A motion to set aside a default is addressed to the sound legal discretion of the court, with the exercise of which a court of review will not interfere unless it appears to have been wrongful and oppressive.

4. Costs, § 14*—*what costs plaintiff is liable for on dismissal of case upon setting aside judgment against defendant.* Where there was no order setting aside a judgment against defendant requiring

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.